# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF LOUISIANA
# MONROE DIVISION

| | |
|---|---|
| **STANLEY LINDSEY** | **CIVIL ACTION NO. 06-1408** |
| **VS.** | **SECTION P** |
| **ALVIN JONES, ET AL.** | **JUDGE JAMES** |
| | **MAGISTRATE JUDGE HAYES** |

## REPORT AND RECOMMENDATION

Before the court is a civil rights complaint (42 U.S.C. §1983) filed *in forma pauperis* by *pro se* plaintiff Stanley Lindsey on August 16, 2006. Plaintiff is an inmate in the custody of Louisiana's Department of Public Safety and Corrections (LDOC). He is incarcerated at the Forcht-Wade Corrections Center, Keithville, Louisiana but he complains of inadequate or delayed medical care during his incarceration at the Riverbend Detention Center (RDC), Lake Providence, Louisiana in June 2006. He names RDC Warden Alvin Jones and East Carroll Parish Sheriff Mark Shoemaker[1] as defendants. Plaintiff prays for a transfer to the Louisiana State Penitentiary, Angola, and for $200,000 for pain and suffering.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the court. For the following reasons, it is recommended that the complaint be **DENIED** and **DISMISSED WITH PREJUDICE AS FRIVOLOUS** pursuant to the provisions of 28 U.S.C. § 1915(e)(2)(B)(i) and (ii).

## *Statement of the Case*

On June 1, 2006, plaintiff was an LDOC prisoner housed at the RDC. On that date, at

---

[1] The Sheriff of East Carroll Parish is Mark W. Shumate. See http://ecsheriff.com/

approximately 2:00 a.m., he fell out of the top bunk which had been assigned to him. As a result of the fall, plaintiff bled "profusely" from his head. Inmates, supervised by Lt. Rushing, moved plaintiff to the RDC nursing station using sheets and blankets. After a wait of approximately two hours, plaintiff was examined by a nurse who gave him Tylenol for pain and advised him to keep still. The nurse requested transportation to a nearby hospital. Approximately two hours later, plaintiff was taken to the hospital. The ride to the hospital took approximately one hour and during the course of the trip the guards stopped for food.

Plaintiff complained about neck and back pain and believes that he should not have been moved. He claims that he continues to suffer pain in his neck. He claims that he is given Advil for pain. Sometime approximately three and one-half weeks prior to July 31, 2006, plaintiff was advised that an appointment had been made for him to be examined by a physician. However, as of the date he submitted his complaint, he had not yet seen a physician.

On or about June 20, 2006, plaintiff submitted an Administrative Remedies Grievance in which he complained – (1) that he should not have been moved following the accident; (2) that the institution did not have an emergency vehicle available; (3) that he still suffered from constant neck pain; and (4) that he had not yet been seen by a physician. [doc. 1-1] He signed his federal civil rights complaint on July 31, 2006. On some unspecified date prior to September 26, 2006 he was transferred to the Forcht-Wade Corrections Center.

*Law and Analysis*

*1. Frivolity Review*

When a prisoner sues an officer or employee of a governmental entity pursuant to 42 U.S.C. §1983, the court is obliged to evaluate the complaint and dismiss it without service of process, if it is frivolous, malicious, fails to state a claim upon which relief can be granted, or

seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C.1915A; 28 U.S.C.1915(e)(2). *Ali v. Higgs*, 892 F.2d 438, 440 (5th Cir.1990).

A claim is frivolous if it lacks an arguable basis in law or in fact, *Booker v. Koonce*, 2 F.3d 114, 115 (5th Cir.1993); see *Denton v. Hernandez*, 504 U.S. 25, 112 S.Ct. 1728, 1733, 118 L.Ed.2d 340 (1992). A civil rights complaint fails to state a claim upon which relief can be granted if it appears that no relief could be granted under any set of facts that could be proven consistent with the allegations of the complaint. Of course, in making this determination, the court must assume that all of the plaintiff's factual allegations are true. *Bradley v. Puckett*, 157 F.3d 1022, 1025 (5th Cir.1998).

A hearing need not be conducted for every *pro se* complaint. *Wilson v. Barrientos*, 926 F.2d 480, 483 n. 4 (5th Cir.1991). A district court may dismiss a prisoner's civil rights complaint as frivolous based upon the complaint and exhibits alone. *Green v. McKaskle*, 788 F.2d 1116, 1120 (5th Cir.1986).

District courts must construe *in forma pauperis* complaints liberally, but they are given broad discretion in determining when such complaints are frivolous. *Macias v. Raul A. (Unknown) Badge No. 153*, 23 F.3d 94, 97 (5th Cir.1994).

A civil rights plaintiff must support his claims with specific facts demonstrating a constitutional deprivation and may not simply rely on conclusory allegations. *Schultea v. Wood*, 47 F.3d 1427, 1433 (5th Cir.1995). In addition, a district court is bound by the allegations in a plaintiff's complaint and is "not free to speculate that the plaintiff 'might' be able to state a claim if given yet another opportunity to add more facts to the complaint." *Macias v. Raul A. (Unknown) Badge No. 153*, 23 F.3d at 97.

Plaintiff's complaint, along with his ARP Grievance, specifically detail his theories of

liability with respect to each named defendant. The thoroughness of the complaint convinces the court that plaintiff has pled his best case and need not be afforded any further opportunity to amend.

Accepting all of plaintiff's allegations as true, the court concludes, for the reasons stated hereinafter, that he has failed to state a claim for which relief may be granted and accordingly, recommends dismissal of the complaint.

## 2. Supervisory Officials

Plaintiff has named only two defendants – RDC Warden Jones and East Carroll Parish Sheriff Shumate. He has not alleged any fault on the part of either defendant and appears to have named these defendants merely because of their positions of authority. It is well settled that supervisory officials may not be held liable under §1983 under the doctrine of *respondeat superior*. *Mouille v. City of Live Oak*, 977 F.2d 924 (5th Cir.1992), *cert. denied*, 508 U.S. 951, 113 S.Ct. 2443, 124 L.Ed.2d 660 (1993); *Jennings v. Joshua Indep. Sch. Dist.*, 877 F.2d 313 (5th Cir.1989), *cert. denied*, 496 U.S. 935, 110 S.Ct. 3212, 110 L.Ed.2d 660 (1990).

To be liable under §1983, a supervisory official must be personally involved in the act causing the alleged constitutional deprivation, or must have implemented a policy so deficient that the policy itself acts as a deprivation of constitutional rights. *Cronn v. Buffington*, 150 F.3d 538, 544 (5th Cir.1998).

Plaintiff fails to make sustainable allegations which would establish supervisory liability on the part of either Warden Jones or Sheriff Shumate. To establish the personal liability of these defendants, plaintiff must show that their personal action or inaction violated plaintiff's civil rights. *Reimer v. Smith*, 663 F.2d 1316, 1322 n. 4 (5th Cir.1981). Plaintiff has alleged no facts to establish that either the Warden or the Sheriff were in any way personally involved in the

4

events that form the basis of his claims.

Further, plaintiff failed to allege that either defendant implemented policies so deficient that the policies themselves acted as a deprivation of constitutional rights. Accordingly, plaintiff has failed to state a claim against Warden Jones and Sheriff Shumate.

### *3. Medical Care*

At all times relevant to this analysis, plaintiff was a convicted prisoner. Therefore, his medical care claim arises under the Eighth Amendment's prohibition against cruel and unusual punishment. In order to show an Eighth Amendment violation in this context, plaintiff must show that the defendants were deliberately indifferent to his serious medical needs. *Estelle v. Gamble*, 429 U.S. 97, 104, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976); *Thompson v. Upshur County, Texas*, 245 F.3d 447, 457 (5th Cir.2001). Plaintiff has not made such a showing.

Deliberate indifference in the context of the failure to provide reasonable medical care to a prisoner means that: (1) the prison officials were aware of facts from which an inference of substantial risk of serious harm could be drawn; (2) the officials actually drew that inference; and (3) the officials' response indicated that they subjectively intended that harm occur. *Id.* at 458-59. "[T]he failure to alleviate a significant risk that [the official] should have perceived, but did not is insufficient to show deliberate indifference." *Domino v. Texas Department of Criminal Justice*, 239 F.3d 752, 756 (5th Cir.2001). Moreover, "deliberate indifference cannot be inferred merely from a negligent or even a grossly negligent response to a substantial risk of serious harm." *Thompson*, 245 F.3d at 459. "Deliberate indifference encompasses only unnecessary and wanton infliction of pain repugnant to the conscience of mankind." *McCormick v. Stalder*, 105 F.3d 1059, 1061 (5th Cir.1997); see also *Stewart v. Murphy*, 174 F.3d 530, 534 (5th Cir.1999). The fact that a plaintiff disagrees with what medical care is appropriate does not state a claim of

5

deliberate indifference to serious medical needs. See *Norton v. Dimazana*, 122 F.3d 286, 292 (5th Cir.1997).

Plaintiff has not alleged facts sufficient to establish deliberate indifference in this context. Plaintiff complains that he should not have been moved following his fall. At best, he merely disagrees with the course of conduct deemed appropriate by the prison guards who were faced with an obvious medical emergency. He complains that he was not treated, but he admits that he was examined by a nurse within hours of his accident and provided medication to relieve his pain. In other words, plaintiff, at best, demonstrates merely negligence on the part of the prison personnel.

In any event, plaintiff has not shown that either of the defendants were aware of facts from which an inference of substantial risk of serious harm could be drawn; nor has he shown that they actually drew such an inference; nor that their response to his complaints indicated that they subjectively intended that any harm occur to the plaintiff. *Thompson v. Upshur County, Texas*, 245 F.3d 447, 458-459 (5th Cir.2001).

The plaintiff's allegations of fact do not reveal that he was ever subject to a "substantial risk of serious harm." Had plaintiff been in the "free world" it is unlikely that he would have received any more attention as a result of his condition.

"Deliberate indifference encompasses only unnecessary and wanton infliction of pain repugnant to the conscience of mankind." *McCormick v. Stalder*, 105 F.3d 1059, 1061 (5th Cir.1997); see also *Stewart v. Murphy*, 174 F.3d 530, 534 (5th Cir.1999). Plaintiff's complaint, taken as true, does not rise to this required level of indifference.

In short, plaintiff's claims concerning the denial of adequate medical care are frivolous and dismissal on that basis is recommended.

Accordingly,

**IT IS RECOMMENDED** that plaintiff's civil rights complaint be **DISMISSED WITH PREJUDICE** as frivolous and for failing to state a claim on which relief may be granted in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B)(i) and (ii).

Under the provisions of 28 U.S.C. §636(b)(1)(C) and Fed.R.Civ.Proc. 72(b), parties aggrieved by this recommendation have ten (10) business days from service of this report and recommendation to file specific, written objections with the clerk of court. A party may respond to another party's objections within ten (10) days after being served with a copy thereof.

**Failure to file written objections to the proposed factual finding and/or the proposed legal conclusions reflected in this Report and Recommendation within ten (10) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. See** *Douglass v. United Services Automobile Association,* **79 F.3d 1415 (5th Cir. 1996).**

**THUS DONE AND SIGNED** in Chambers at Monroe, Louisiana, this 8th day of November, 2006.

KAREN L. HAYES
U. S. MAGISTRATE JUDGE